IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY O. BRIGHT, | : |
| | :    4:08-cv-793 |
| Petitioner, | : |
| | :    Hon. John E. Jones III |
| v. | : |
| | :    Hon. Malachy E. Mannion |
| COMMONWEALTH OF PENNSYLVANIA, and PA STATE ATTORNEY GENERAL, | : |
| | : |
| Respondents. | : |

## MEMORANDUM

**November 18, 2009**

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Malachy E. Mannion (Doc.11), filed on October 28, 2009, which recommends that the petition of Jeffrey O. Bright ("Petitioner" or "Bright"), for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. No objections to the R&R have been filed by any party.[1] For the reasons set forth below, the Court will adopt the R&R.

---

[1] Objections were due by November 16, 2009.

1

## I. STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. PROCEDURAL BACKGROUND

Petitioner, through counsel, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 28, 2008, challenging his conviction and sentence imposed in the Court of Common Pleas of York County. (Doc. 1). The filing fee having been paid, on June 6, 2008, the petition was given

preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, and it was recommended that the matter be dismissed as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (Doc. 2). The Petitioner filed objections to the Magistrate Judge's decision and this Court remanded the matter for "resolution of the equitable tolling issue expressed in Petitioner's objections. (Doc. 4).

On remand, the parties were ordered to brief the equitable tolling issue. (Doc. 8). After briefing by the parties, Magistrate Judge Blewitt issued the instant R&R, which we review herein.

### III. DISCUSSION

Recognizing that the instant petition was filed outside of the applicable statute of limitations, the remaining dispositive issue is whether Petitioner can avail himself of the equitable tolling exception to the AEDPA. Recognizing that the equitable tolling of the AEDPA limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances, the Magistrate Judge concluded that the Petitioner has not established his burden of showing extraordinary circumstances in order to effectuate equitable tolling. (Doc. 11 at 9-11).

As we have already mentioned, neither Respondents nor the Petitioner have filed objections to this R&R. Because we agree with the sound reasoning that led

3

the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case <u>sub judice</u>. An appropriate Order shall issue.